WILLIAM STRUCKMEYER v. W. L. LAMB.

January 25, 1899.

Nos. 11,421—(208).

Attorney as Witness—Privileged Communications—Offer of Evidence.
> G. S. 1894, § 5662, subd. 2, provides that it is the policy of the law to encourage confidence and preserve it inviolate in matters between client and attorney, and to this end an attorney cannot, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon, in the course of his professional duty. And, under section 6180, it is the duty of the attorney to maintain inviolate the confidence, and, at every peril to himself, to preserve the secrets, of his client. *Held*, that it was not error for the trial court to reject defendant's offer to prove by plaintiff's former attorney in the action certain confidential communications made by the plaintiff to such attorney relating to the merits of the case.

Verdict Sustained by Evidence.
> *Held*, also, that the evidence justified the verdict of the jury.

Appeal by defendant from an order of the district court for Martin county, Quinn, J., denying a motion for a new trial. Affirmed.

*C. D. & Thos. D. O'Brien* and *Voreis & Mathwig*, for appellant.

*H. H. Dunn*, for respondent.

BUCK, J.

This case was before this court upon demurrer to the complaint, and reported in 64 Minn. 57, 65 N. W. 930. It has now been tried upon the merits, and a verdict rendered in favor of the plaintiff for the sum of $225. The defendant moved for a new trial, and, this being denied by the court, he brings this appeal, alleging errors of law occurring at the trial and that the verdict is not sustained by the evidence. Upon the last ground there appears to have been a sharp conflict in the evidence, and the weight thereof was clearly for the jury. We see no reason for disturbing the verdict, as it is sustained by the evidence.

The defendant's attorney, however, insists that errors of law occurred on the trial which entitle him to a new trial, two of which he seemed to urge more strenuously than the others, viz.:

1. The attempt to prove by the plaintiff, Struckmeyer, on his cross-examination, that he had a certain conversation with his attorney, a Mr. Fisk, at the time he commenced this action, in regard to what plaintiff would testify to as to buying the notes and mortgages in controversy, which evidence, being objected to by the plaintiff upon the ground that such conversation and communication by the client to his attorney was privileged, was excluded by the court. The defendant's counsel, in support of this contention, does not cite a single authority. However, it is not necessary for us to pass upon this question, as the defendant took no exception to the ruling of the court.

2. Defendant's counsel also attempted to prove, by the same attorney for plaintiff, certain communications between the plaintiff and the attorney (Fisk), and thereby show that plaintiff had stated to his attorney what he would testify to as to the notes in controversy. Upon objection being made by plaintiff, the court rejected the evidence upon the ground that the communication was privileged. The defendant excepted. Mr. Fisk was not acting as plaintiff's attorney in the trial of this action, but had prepared the pleadings, and was plaintiff's attorney upon the former appeal in this court. The communication offered to be proven related to matters which took place while the relation of client and attorney existed between them. Fisk was called as a witness by the defendant, who thereby sought to impeach the evidence of the plaintiff as given upon this trial.

It is the policy of the law to encourage confidence and preserve it inviolate in matters between client and attorney, and to this end an attorney cannot, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon, in the course of his professional duty. G. S. 1894, § 5662, subd. 2. It is also the sworn duty of the attorney to maintain inviolate the confidence, and, at every peril to himself, to preserve the secrets, of his clients. Section 6180, subd. 5. This rule follows the attorney after the relation of client and attorney ceases, as he has no right voluntarily, nor by compulsion, to disclose confidential communications previously made to him by his client. Such, also, was the doctrine of the common law. The origin of the rule grew

out of the fact that, in the ordinary transactions of the world, people must resort for legal advice to legal advisers, by reason of the great multiplicity of suits and their complex nature, as each litigant found it difficult, if not impossible, to act as his own attorney, —a habit which existed in ancient times. In order, therefore, to protect the interests of the client and encourage the employment of attorneys, this immunity from having the facts, known only to the client, divulged, became an absolute necessity, and so well settled is this doctrine that no further discussion of the question is needed. The evidence thus offered was properly excluded. In justice to Mr. Fisk, the attorney, it should be stated that it does not appear that he in any manner sought or offered to divulge the confidential communication made to him by his client.

There were some requests which the defendant asked the court to give the jury which, standing alone, should have been given; but they were all covered by the general charge, hence we do not consider the refusal to give them as error.

No reversible errors appearing in the record, the order denying defendant's motion for a new trial is affirmed.